Filed 12/30/20  P. v. Jones CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073115 |
| v. | (Super.Ct.No. 16CR065916) |
| DAYVION JONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed.

Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2016, when he was just over 18 years old, appellant and defendant, Dayvion Jones, and his cohort shot and killed the victim in a gang-related murder. On May 8, 2019, a jury convicted defendant of one count of first degree murder. (Pen. Code,[1] § 187, subd. (a); count 1.) The jury also found true firearm enhancements under section 12022.53, subdivisions (b), (c), (d), and (e)(1), and the allegation that the murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).

On June 6, 2019, a trial court sentenced defendant to an aggregate sentence of 50 years to life. At sentencing, the court noted that defendant qualified under the youthful offender parole statute and would be given the opportunity to have a parole date in 25 years rather than 50 years.

On appeal, defendant requests that we remand the matter and direct the trial court to hold a *Franklin*[2] hearing to allow him the opportunity to make a record of mitigating youth-related factors. We affirm without prejudice to defendant filing a motion under section 1203.01.

## DISCUSSION

### Remand for a *Franklin* Hearing Is Not Warranted

Defendant contends he is entitled to a remand for a *Franklin* hearing. We disagree.

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

[2] *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

We recently addressed this issue in *People v. Medrano* (2019) 40 Cal.App.5th 961, 963 (*Medrano*). "In *Franklin*, *supra*, 63 Cal.4th 261, the Supreme Court held that when a juvenile offender receives an indeterminate life sentence, the offender must be 'given adequate opportunity at sentencing to make a record of mitigating evidence tied to his youth.' [Citation.] [Franklin's] case was remanded to the trial court 'for the limited purpose of determining whether [the offender] was afforded an adequate opportunity to make a record of information' relevant to his eventual youth offender parole hearing. [Citation.]" (*Medrano*, *supra*, 40 Cal.App.5th at p. 967.)

We observed that "[s]ection 3051 was amended effective January 1, 2016, to require youth offender parole hearings for offenders who were 25 years old or younger at the time of the controlling offense. [Citation.] The Supreme Court decided *Franklin* in May 2016." (*Medrano*, *supra*, 40 Cal.App.5th at p. 967.) We noted that "Medrano was sentenced in December 2017 for offenses he committed when he was 19 years old. Thus, the Supreme Court decision establishing [his] right to present mitigating youth-related evidence at sentencing was in place for one and one-half years before [he] was sentenced." (*Ibid.*) Moreover, the record "contain[ed] no indication that Medrano was not given an adequate opportunity to make a record of mitigating youth-related evidence as contemplated in *Franklin*." (*Ibid.*)

We recognized that a juvenile offender may file a motion under section 1203.01 and *In re Cook* (2019) 7 Cal.5th 439, 446-447 (*Cook*) "for the purpose of making a record of mitigating youth-related evidence." (*Medrano*, *supra*, 40 Cal.App.5th at p. 968.) We thus concluded, "given the availability of the motion hearing described in *Cook*, we see

3

no basis to order the same relief that was granted in *Franklin*. Instead, we affirm without prejudice to [the defendant's] filing a motion 'for a *Franklin* proceeding under the authority of section 1203.01' and *Cook*." (*Ibid.*)

Defendant here was sentenced in June 2019 for offenses he committed when he was 18 years old. Therefore, *Franklin*, *supra*, 63 Cal.4th 261, was in place for three years before defendant was sentenced. As in *Medrano*, the record here "contains no indication that [defendant] was not given an adequate opportunity to make a record of mitigating youth-related evidence as contemplated in *Franklin*." (*Medrano*, *supra*, 40 Cal.App.5th at p. 967.) In other words, "[t]he record does not indicate that [his] opportunity to exercise that right was inadequate in any respect. Rather, it appears that he merely failed—whether by choice or by inadvertence—to exercise it." (*Ibid.*)

Defendant acknowledges that at the time of his sentencing *Franklin* had been decided, and he did not request a *Franklin* hearing. He also recognizes that we declined to remand for a *Franklin* hearing in *Medrano* under similar circumstances, and we concluded the proper remedy was to affirm without prejudice to file a motion under section 1203.01. Nonetheless, he asks us to "reconsider this approach" and instead order a remand for the trial court to conduct a *Franklin* hearing. Defendant has given us no persuasive reason to depart from our holding in *Medrano*.

We therefore conclude, as we did in *Medrano*, that the appropriate remedy is to affirm the judgment without prejudice to defendant "filing a motion 'for a *Franklin* proceeding under the authority of section 1203.01' and *Cook*." (*Medrano*, *supra*, 40 Cal.App.5th at p. 968.)

DISPOSITION

The judgment is affirmed without prejudice to defendant filing a motion for a *Franklin* proceeding under the authority of section 1203.01 and *Cook*, *supra*, 7 Cal.5th 439.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

MILLER _____
Acting P. J.

SLOUGH _____
J.

5